**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnie Ronald Mascarenas, | No. CV-21-00641-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff challenges the denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act") by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 19, Pl. Br.), Defendant's Answering Brief (Doc. 20, Def. Br.), and Plaintiff's Reply (Doc. 21, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 13, AR.) and now reverses the Administrative Law Judge's ("ALJ") decision.

**I.    PROCEDURAL HISTORY**

In September 2018, Plaintiff filed an application for disability insurance benefits alleging disability beginning December 24, 2017. (AR. at 13.) The Social Security Administration ("SSA") denied Plaintiff's application at the initial and reconsideration levels of administrative review (AR. at 123-26, 133-36), and Plaintiff timely requested a hearing before an ALJ. (AR. at 138-40.) The ALJ conducted a hearing on June 24, 2020.

(AR. at 35-68.) At that hearing, Plaintiff and vocational expert ("VE") Cathleen Spencer testified. On July 17, 2020, The ALJ issued an unfavorable decision. (AR. at 13-24.) In a letter dated February 9, 2021, the Appeals Council denied review. (AR. at 1-6.) Plaintiff then filed an action in this Court. (Doc. 1.)

## II.     THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. *E.g.*, 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the analysis proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. *Id*. If he cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant cannot, he is disabled. *Id.*

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the entire record

and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

### III. THE ALJ DECISION

The ALJ concluded Plaintiff had not engaged in disqualifying substantial, gainful work activity during the relevant period, and that he suffered from medically-determinable, severe impairments including cervical spondylosis, cervical disc disease, and lumbar facet arthropathy. (AR. at 15-16.) The ALJ concluded Plaintiff had no impairment meeting or medically equivalent to a listed impairment at step three. (AR. at 16.) The ALJ found Plaintiff could perform medium work, including the ability to sit for six hours and stand or walk for six hours; frequently climb ramps or stairs, balance, stoop, kneel, and crouch; occasionally crawl; never climb, ladders, ropes, or scaffolds; and occasionally engage in overhead reaching. (AR. at 17.) The ALJ found Plaintiff must avoid concentrated exposure to extreme cold and exposure to dangerous machinery and unprotected heights. (AR. at 16-17.) After summarizing the evidence, the ALJ concluded the opinions of Plaintiff's treating physicians and other providers, including his treating family doctor, Wendell Phillips, D.O., were not persuasive. (AR. at 20-21.) The ALJ found the prior administrative medical opinion from the reconsideration phase was persuasive. (AR. at 21-22.) The ALJ concluded Plaintiff could perform his past relevant work and other jobs at step five. (AR. at 22-24.)

### IV. DISCUSSION

Plaintiff presents one issue on appeal: whether the ALJ properly evaluated the opinion of Dr. Wendell Phillips under the new regulations and created "a logical bridge between the evidence and the resulting RFC."[1] (Pl. Br. at 1, 13.) Plaintiff argues the ALJ

---

[1] Plaintiff frames the issue as follows: "The ALJ's RFC determination is not supported by substantial evidence because she failed to properly evaluate the opinion evidence and failed

erred by finding Dr. Phillips' opinion not persuasive and, as a result, that the RFC determination is not supported by substantial evidence. (Pl. Br. at 13.)

      A.  <u>New regulations governing the evaluation of opinion evidence.</u>

In January 2017, the SSA amended the regulations concerning the evaluation of medical opinion evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017).  Because the new regulations apply to applications filed on or after March 27, 2017, they are applicable here.[2] The new regulations, which eliminate the previous hierarchy of medical opinions, provide in relevant part as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . .  The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency . . . .

20 C.F.R. § 404.1520c(a).

Regarding the "supportability" factor, the new regulations explain that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), . . . the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1).  Regarding the "consistency" factor, the "more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2)

Recently, the Ninth Circuit confirmed that the "changes to the Social Security Administration's regulations displace our longstanding case law requiring an ALJ to

---

to create a logical bridge between the evidence and the resulting RFC." (Pl. Br. at 13.) Plaintiff's argument the RFC determination is deficient is predicated upon the ALJ's consideration of Dr. Phillips' opinion. (Pl. Br. at 13-20.)

[2] Plaintiff filed in September 2018. (AR. at 13.)

provide 'specific and legitimate' reasons for rejecting an examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Thus, "the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id*. With that said, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id*. at 792 (cleaned up).

### B. Dr. Phillips' Opinion

On May 16, 2018, Plaintiff's treating family physician, Dr. Wendell Phillips, completed an assessment of Plaintiff's workplace limitations. (AR. at 461-62.) Dr. Phillips cited MRI findings of Plaintiff's "head, neck, and brain," and Plaintiff's "constant headaches." (AR. at 461.) He indicated Plaintiff suffered from constant symptoms severe enough to interfere with his ability to perform work-related tasks. (AR. at 461.) He stated Plaintiff could sit for only three hours and stand or walk for only one hour combined in an eight-hour workday. (AR. at 461.) He opined Plaintiff would need unscheduled twenty-minute breaks every hour; that Plaintiff could never lift any weight; and that Plaintiff could use his upper extremities for grasping, turning, twisting, fine manipulation, or reaching for only about 5% of the time. (AR. at 461.) Dr. Phillips estimated Plaintiff would miss work more than four times per month. (AR. at 462.)

In the decision, the ALJ deemed Dr. Phillips' opinion unpersuasive. (AR. at 21.) The ALJ concluded it was "inconsistent with and unsupported by the objective medical evidence of record[,]" and that it "overestimate[d] the claimant's limitations." (AR. at 21.) Although Dr. Phillips stated Plaintiff suffered from chronic headaches, the ALJ cited Plaintiff's testimony from the June 2020 hearing that he had not suffered any headaches

since 2018. (AR. at 21.) The ALJ also cited about a dozen "essentially normal" examinations from the record. (AR. at 21.)

Plaintiff asserts the ALJ did not properly consider the supportability factor prescribed in the regulations. (Pl. Br. at 16.) Plaintiff argues the ALJ failed to cite any specific evidence, but instead offered only a conclusory finding that Dr. Phillips' opinion was unsupported by the objective evidence in the record. (Pl. Br. at 16.) Plaintiff asserts the ALJ failed to "build an accurate and logical bridge" between the evidence and her conclusions, and that the objective evidence does, in fact, support the limitations Dr. Phillips assigned. (Pl. Br. at 16-17) (citations and quotations omitted).

Plaintiff also asserts "the ALJ provide[d] no analysis at all concerning consistency." (Pl. Br. at 17.) Plaintiff argues that the medical evidence—including the pain management procedures for his chronic cervical and lumbar pain and the osteoarthritis in both his ankles requiring surgical intervention on the right—was consistent with Dr. Phillips' opinion.[3] (Pl Br. at 18.) Plaintiff also notes the ALJ failed to acknowledge the similarities between Dr. Phillips' opinion and that of Plaintiff's treating chiropractor, Richard Campbell, D.C., who also assigned limitations inconsistent with full-time, sustained work activity. (Pl. Br. at 18-19.)

The Court finds the ALJ did not adequately explain how she considered the pertinent factors. *Woods* 32 F. 4th at 792 ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (alterations in original) (internal citations omitted). Although it is obvious the ALJ found Dr. Phillips' opinion to be inconsistent with the larger evidentiary record, the ALJ did not articulate how she considered the supportability factor in her analysis. *Id*.; 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.")

---

[3] In July 2018, Plaintiff had right ankle surgery. (AR. at 719-21.) Plaintiff testified he lost his insurance and could not afford surgery on the left. (AR. at 50-51.)

Like in *Woods*, it appears the ALJ here used the terms "supported" and "consistent" interchangeably, but "supportability" and "consistency" are terms of art under the regulations. (AR. at 21) ("The undersigned considered the opinion of Dr. Phillips finding [sic] inconsistent with and unsupported by the objective medical evidence of record."); *see Woods*, 32 F.4th at 793 n.4 (noting that the ALJ stated an examining doctor's opinion was "not supported by the record," but inferring the ALJ intended to make a consistency finding—*i.e.*, that the doctor's opinion was inconsistent with other evidence in the record). In *Woods*, the Ninth Circuit affirmed the ALJ despite this error because the ALJ had not challenged or disputed the supportability of that physician's opinion, and because substantial evidence corroborated the ALJ's de facto consistency analysis. *See Woods*, 32 F.4th at 792-93, 793 n.4. Here, the ALJ's consistency finding is supported by substantial evidence, but she made no finding addressing the supportability of Dr. Phillips' opinion. The Court addresses the ALJ's analysis of the two factors, or lack thereof, in turn.

    i.    <u>Consistency</u>

Proper analysis of the consistency factor requires the ALJ to evaluate the extent to which Dr. Phillips' opinion is consistent with the medical or nonmedical evidence elsewhere in the record. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."). In her decision, the ALJ first cited inconsistencies between Plaintiff's own testimony and Dr. Phillips' opinion.

Plaintiff testified he has not experienced headaches since 2018, but that his medication induces sleepiness. (AR. at 55.) The limitations Dr. Phillips assigned appear to be based, to some extent, on Plaintiff's "constant headaches." (AR. at 461.) Because Dr. Phillips completed his assessment in 2018, however, there is no apparent inconsistency between that assessment and Plaintiff's testimony that he suffered headaches at that time (AR. at 55, 462); Plaintiff's testimony *is* inconsistent with the notion that he experienced disabling headaches beyond that point, but it's also not clear that Plaintiff's headaches were the exclusive basis for the limitations Dr. Phillips assigned.

Dr. Phillips' treating note dated the same day as his assessment documents Plaintiff's ongoing chronic neck pain, his referral to specialists, his recommended course of cervical injections, and his diagnoses of cervical stenosis and radiculopathy. (AR. at 960.) The April 2018 cervical MRI—which Dr. Phillips ordered (AR. at 376)—revealed cervical foraminal stenoses ranging from mild to high-grade. (AR. at 752.) Dr. Phillips' other treatment notes document Plaintiff's symptoms beyond headaches, including chronic neck pain, numbness in his fingers, and tingling in his arms. (AR. at 375, 381, 655.) In sum, it cannot be said that Dr. Phillips' limitations were based exclusively on Plaintiff's headaches (which apparently resolved, according to his testimony); therefore, the Court finds substantial evidence from the record does not support this rationale.

Importantly, however, the ALJ also cited a dozen specific pages of evidence that Plaintiff's clinical examinations were often "essentially normal." (AR. at 21.) There is substantial evidence indicating that while Plaintiff exhibited some tenderness, facet loading, or other clinical signs on some occasions, he also displayed full motor strength, a normal gait, intact sensation, and full range of motion on those or other occasions. (AR. at 853, 860, 867, 1142, 1220, 2328.) A few positive clinical findings aside, the ALJ characterized these examinations as "essentially normal." (AR. at 21.) Under these circumstances, the Court will not disturb that finding. *Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Plaintiff also argues the ALJ erred by "fail[ing] to reconcile" Dr. Phillips' opinion with that of Plaintiff's chiropractor, Richard Campbell, D.C., who also assigned disabling limitations in a separate assessment. (Pl. Br. at 18.) In fact, the ALJ did separately address Dr. Campbell's opinion and found it unpersuasive, again citing normal examinations. (AR. at 20-21.) Plaintiff offers no support for the proposition an ALJ must compare and contrast each medical opinion with every other opinion in the file to meet her burden with respect to the consistency factor. *See* 20 C.F.R. § 404.1520c(c)(2). Recent Ninth Circuit precedent instructs that an ALJ need only explain whether or to what extent Dr. Phillips' opinion is

consistent with evidence from other medical or nonmedical sources in a manner supported by substantial evidence. *Woods*, 32 F.4th at 792. Again, the ALJ cited evidence of "essentially normal" clinical examinations, and there is substantial evidence in the record to support that rationale. Consequently, the ALJ met her burden with respect to the consistency factor.

    ii.    <u>Supportability</u>

Plaintiff further argues the ALJ did not cite specific objective evidence in her explanation of the supportability factor and "fail[ed] to create a logical bridge between the evidence and her determination." (Pl. Br. at 16.) This Court agrees. As the Ninth Circuit stated in *Woods*, "[s]upportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32 F.4th at 791-92 (alterations omitted). The supportability factor, as this Court understands it, goes directly to whether, or to what extent, the source explained his opinion or conclusions by providing or citing objective supporting evidence. *Id*. The ALJ here did not explicitly address the supportability factor. She was required to. 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.").

The Court notes that while Dr. Phillips' assessment consists mostly of check marks in various boxes and columns, he did cite diagnostic imaging (AR. at 461) and the record contains his treatment visits and examinations.[4] (AR. at 375-76, 381-83, 541-43, 655-57, 958-60, 1266-69.) Defendant argues the ALJ evaluated Dr. Phillips' treatment notes, and that there is no requirement that the ALJ discuss those notes in the context of the assessment at issue. (Def. Br. at 12-13.) While it is true the Court is empowered to draw reasonable inferences when they are there to be drawn, *see Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), that is not appropriate here. The ALJ summarized evidence from the record and applied it to Dr. Phillips' assessment (AR. at 21), but that goes to the consistency of

---

[4] The Court makes no finding as to whether this evidence actually supports the limitations Dr. Phillips assigned.

- 9 -

his opinion, not the supportability of it. *See* 20 C.F.R. § 404.1520c(c)(1)-(2). This Court is "constrained to review the reasons the ALJ asserts." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003)). Here, it appears the ALJ conflated "supportability" with "consistency," and only provided an explanation for how she considered the latter. (AR. at 21.) The ALJ's conclusion Dr. Phillips' opinion is "unsupported by the objective medical evidence of record" falls decidedly short of the requirement that the ALJ explain how she considered the supportability of Dr. Phillips' opinion—*i.e.*, the extent to which Dr. Phillips provided objective support for his conclusions.

The ALJ's burden is to explain how she considered the medical opinion's supportability and consistency in a manner grounded in substantial evidence. *Woods*, 32 F.4th at 792. "Under the substantial-evidence standard, we look to the existing administrative record and ask whether it contains sufficient evidence to support the agency's factual determinations." *Id*. at 788 (internal citations omitted) (citing *Biestek v. Berryhill*, ––– U.S. ––––, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019). Here, the ALJ cited inconsistencies between Dr. Phillips' opinion, Plaintiff's testimony, and examinations which reinforced her opinion Dr. Phillips' report was unpersuasive, but the ALJ did not adequately address the degree to which Dr. Phillips supported his own opinion in his treatment notes or with other objective evidence. Consistent with the Ninth Circuit's holding in *Woods*, this Court reverses the ALJ decision. In its discretion, the Court remands for further proceedings consistent with this opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (The Court has "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

///

///

///

///

**IT IS THEREFORE ORDERED reversing** the decision of the Commissioner of Social Security (AR. at 13-24) and **remanding** for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 6th day of July, 2022.

Honorable Steven P. Logan
United States District Judge

- 11 -